IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JERRY W. LEWIS, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-02-1378-M |
| | ) | |
| NORMAN REGIONAL HOSPITAL AUTHORITY, an Oklahoma Public Trust, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

FILED JAN 17 2003 ROBERT D. DENNIS, CLERK U.S. DIST. COURT, WESTERN DIST. OF OKLA. BY_____DEPUTY

DOCKETED

## ORDER

Before the Court is plaintiff Jerry W. Lewis, M.D.'s ("Dr. Lewis") Motion for Relief Pursuant to Rule 37 of the Federal Rules of Civil Procedure, filed January 7, 2003 [docket no. 57]. On January 16, 2003, defendant Norman Regional Hospital Authority ("Hospital") filed its response and objection. Based upon the parties' submissions, the Court makes its determination.

### I. Background

On November 4, 2002, Dr. Lewis filed an Emergency Motion to Expedite Discovery. On November 14, 2002, the Court granted Dr. Lewis' motion as to the following discovery requests: (1) Interrogatory Nos. 5, 7, and 8 and (2) Request for Production Nos. 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15, and directed the Hospital to serve its responses to these discovery requests by Monday, November 18, 2002. *See* November 14, 2002 Order [docket no. 28].

Due to a court docketing error, the Hospital's primary counsel did not receive a copy of the Court's November 14, 2002 Order. However, on November 18, 2002, the Hospital delivered to Dr. Lewis copies of the exhibits the Medical Executive Committee intends to use against Dr. Lewis in the administrative proceedings. The Hospital contends this production complies with the Court's

November 14, 2002 Order. Dr. Lewis believes that the Hospital's November 18, 2002 production did not comply with the Court's November 14, 2002 Order.

On December 11, 2002, the parties met and conferred in an attempt to resolve their differences. They were unable to reach an accord with respect to certain matters, which are the subject of the instant Rule 37 motion. Specifically, the parties were unable to reach an agreement regarding Request for Production Nos. 1, 2, and 7 and Interrogatory No. 8.

Dr. Lewis requests the Court enter an order sanctioning the Hospital and, as a sanction for its failure to produce the discovery ordered, directing the Hospital to lift the suspension of Dr. Lewis' medical staff privileges and enjoining the Hospital from proceeding further with any investigation, hearing or other administrative action with respect to Dr. Lewis' medical privileges until the Hospital demonstrates to the Court that it has fully complied with the Court's orders and that Dr. Lewis will be afforded the due process to which he is entitled as a matter of law. Dr. Lewis also requests the Court enter an order granting him his attorney fees and costs in obtaining the November 14, 2002 Order and in preparing this motion and obtaining the relief sought herein.

II. Discussion

    A. Request for Production No. 1

This request seeks the production of the complete credentialing, peer review, and quality assurance files for Dr. Lewis. The Hospital produced a copy of Dr. Lewis' files on October 23, 2002. Dr. Lewis, however, asserts that he had requested the <u>original</u> files.

Having carefully reviewed Request for Production No. 1, the Court finds the language of this request does not specifically require the original documents, and the production of copies of the files is appropriate. The Court, therefore, finds the Hospital has complied with Request for Production

2

No. 1.

Additionally, in its response, the Hospital states that it has advised Dr. Lewis that the original files are available for review at the Hospital. In light of this statement and Dr. Lewis' desire to review the original files, the Court hereby directs the Hospital to make the original credentials, peer review, and quality assurance files for Dr. Lewis available for his and his counsel's inspection at a mutually agreeable time, but no later than 3:00 p.m. on Saturday, January 18, 2003.

B. Request for Production No. 2

This request seeks the production of the complete credentialing, peer review and quality assurance files for Mr. Jim Hill. The Hospital produced a copy of portions of the requested documents on October 23, 2002. Dr. Lewis contends the Hospital did not produce the original files or copies of the files for twenty (20) of the years that Mr. Hill was credentialed by the Hospital as requested in Request for Production No. 2.

In its response, the Hospital states that its counsel has now secured the consent of Mr. Hill's counsel to allow the Hospital to disclose those additional peer review documents to Dr. Lewis, provided that an appropriate protective order is entered by the Court, to ensure that the documents be maintained in confidence and not further disseminated or divulged to other parties. The Hospital further states it has copied the documents in question and is prepared to deliver them to Dr. Lewis' counsel immediately upon direction from the Court and/or the entry of a protective order. In light of the Hospital's statement, the Court finds that an appropriate protective order should be entered and that upon entry of said protective order, the Hospital should immediately deliver the remaining documents responsive to Request for Production No. 2. The parties shall present an Agreed Protective Order to this Court no later than noon on Friday, January 17, 2003.

Further, having carefully reviewed Request for Production No. 2, the Court finds the language of this request does not specifically require the original documents, and the production of copies of the files is appropriate. However, in its response, the Hospital states that the original files are available for review at the Hospital. In light of this statement and Dr. Lewis' desire to review the original files, the Court hereby directs the Hospital to make the original credentials, peer review, and quality assurance files for Mr. Hill available for Dr. Lewis and his counsel's inspection at a mutually agreeable time, but no later than 3:00 p.m. on Saturday, January 18, 2003.

### C.    Request for Production No. 7

This request seeks the production of all minutes of any hospital investigation or committee related to the Hepatitis C outbreak. In its response, the Hospital states that all such minutes have been produced. Having carefully reviewed the parties' submissions, the Court finds the Hospital has fully complied with this request.

### D.    Interrogatory No. 8

This interrogatory requests the Hospital to cite with specificity all provisions of any of its manuals or policies that it alleges were breached by Dr. Lewis. Having carefully reviewed the parties' submissions and the Hospital's response to Interrogatory No. 8, the Court finds the Hospital has adequately responded to this interrogatory. The Court would further note that since the Hospital provided its response to Interrogatory No. 8, it has provided Dr. Lewis with a six-page, single-spaced narrative document entitled "Basis of MEC Recommendation" which sets forth in detail all of the information as reported and discussed at the Medical Executive Committee meeting on September 23, 2002, which information was the basis of that committee's decision to continue the emergency suspension of Dr. Lewis and to further recommend that his medical staff privileges be revoked.

E. <u>Sanctions</u>

In light of this Court's finding that the Hospital has substantially complied with this Court's November 14, 2002 Order and has adequately responded to the discovery requests at issue, and in light of the Hospital's agreed production of the remaining documents relating to Mr. Hill, the Court finds no sanctions are warranted.

III. <u>Conclusion</u>

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Dr. Lewis' Motion for Relief Pursuant to Rule 37 of the Federal Rules of Civil Procedure [docket no. 57] as follows:

(1) the Court ORDERS the Hospital to make the original credentials, peer review, and quality assurance files for Dr. Lewis and Mr. Hill available for Dr. Lewis and his counsel's inspection at a mutually agreeable time, but no later than 3:00 p.m. on Saturday, January 18, 2003;

(2) the Court ORDERS the parties to present an Agreed Protective Order relating to the remaining documents in Mr. Hill's files to this Court no later than noon on Friday, January 17, 2003, and upon entry of this Agreed Protective Order, the Hospital shall immediately deliver the remaining documents responsive to Request for Production No. 2 to counsel for Dr. Lewis, and

(3) the Court DENIES Dr. Lewis' request for sanctions.

**IT IS SO ORDERED this 17th day of January, 2003.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE